WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Luis Gutierrez-Valencia,

Plaintiff,

v.

Ryan Thornell,

Defendant.

No. CV-24-00038-PHX-JAT

**ORDER**

A settlement conference was held in this case on July 27, 2026. Plaintiff's claims against Defendants Centurion/Thomas and NaphCare/Thomas settled. (Doc. 132). At summary judgment, the Court dismissed all other claims and Defendants except an official capacity claim against Defendant Thornell. (Doc. 118 at 37).

With respect to the settling Defendants, this Court ordered that a stipulation to dismiss be filed by September 10, 2026. (Doc. 133). The settling Defendants have moved to extend this deadline. (Doc. 140). The Court finds good cause and will grant this request.

With respect to the non-settling Defendant, Defendant Thornell has filed a motion to dismiss. (Doc. 139).

**NOTICE -- WARNING TO PLAINTIFF**

The Motion to Dismiss seeks to dismiss all claims against Defendant Thornell. Plaintiff is advised of the following specific provisions of Rule 7.2 of the Local Rules of Civil Procedure ("LRCiv"), Rules of Practice of the U.S. District Court for the District of Arizona:

Subparagraph (e) provides:

> (1) Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.
> (2) Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.

Subparagraph (i) provides:

> If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

It is Plaintiff's obligation to timely respond to all motions. **The failure of Plaintiff to respond to the Motion to Dismiss may in the discretion of the Court be deemed as consent to the granting of that Motion without further notice, and judgment may be entered dismissing Defendant Thornell with prejudice pursuant to LRCiv 7.2(i).** *See Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (per curiam).

Here, Defendant Thornell argues that this Court "should dismiss Plaintiff's remaining claims against Defendant Thornell because they are moot, barred by Eleventh Amendment sovereign immunity, and not redressable by this Court." (Doc. 139).

> Mootness is a jurisdictional issue. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). If events subsequent to the filing of the action resolve the parties' dispute, the court must dismiss the case as moot. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1087 (9th Cir. 2011). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 862 (9th Cir. 2017). If "there is no longer a possibility that [a plaintiff] can obtain relief for his claim, that claim is moot and must be dismissed for lack of subject matter jurisdiction." *Foster*, 347 F.3d at 745.

*Loaiza v. Landrys Payroll, Inc.*, No. CV 21-859-MWF (JPRX), 2021 WL 4464197, at *2 (C.D. Cal. Aug. 3, 2021).

In some circumstances, a party can submit evidence for the Court to consider in resolving a jurisdictional motion to dismiss. *Id.* Here, if Plaintiff wishes to submit evidence with his opposition to Defendant Thornell's motion to dismiss, he must attach that evidence to his response. The Motion to Dismiss will be deemed ready for decision

without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

Plaintiff has filed a motion for clarification. (Doc. 141). In the motion, Plaintiff complains about the settlement not being completed. Plaintiff also disputes whether Defendant Thornell should be dismissed.

Based on the foregoing,

**IT IS ORDERED** that the motion for extension of time (Doc. 140) is granted. The deadline for the settling Defendants and Plaintiff to file the dismissal paperwork is extended to October 13, 2026.

**IT IS FURTHER ORDERED** that, if Plaintiff wishes to oppose Defendant Thornell's motion to dismiss (Doc. 139), Plaintiff must file a response in opposition to the motion by September 30, 2026.

**IT IS FINALLY ORDERED** that Plaintiff's motion for clarification (Doc. 141) is granted to the extent discussed above and denied in all other respects.

Dated this 14th day of September, 2026.

James A. Teilborg
Senior United States District Judge