**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Luis Gutierrez-Valencia,<br>Plaintiff,<br>v.<br>Ryan Thornell, et al.,<br>Defendants. | No. CV-24-00038-PHX-JAT<br>**ORDER** |

Plaintiff Luis Gutierrez-Valencia brought this action against individuals associated with the Arizona Department of Corrections, Rehabilitation, and Reentry ("ADCRR") and its contracted healthcare providers. (Doc. 1). The Court dismissed Plaintiff's claims against all defendants but Ryan Thornell, the Director of the ADCRR, and the healthcare providers. (Doc. 118 at 41). Plaintiff then settled his claims regarding the providers. (Doc. 132). His lingering claim against Mr. Thornell is therefore the last remaining action in this lawsuit.

Now before the Court is Mr. Thornell's Motion to Dismiss. (Doc. 139). The Motion is fully briefed (Docs. 139, 143, 145, and the Court now rules. Because the prospective relief claim against Mr. Thornell has been mooted by Plaintiff's settlement, the Court will grant the Motion and close the case.

## I. PROCEDURAL HISTORY

Plaintiff alleges that he was denied timely and adequate medical care for stomach pain and a hernia condition, and that the denial resulted from a practice or custom to deny treatment. (Doc. 1). He further alleged that toxic drinking water at the prison contributed

to his stomach pain. (*Id.*). The Court found that Plaintiff had made an Eighth Amendment medical care claims against the following Defendants: (1) healthcare providers Centurion and NaphCare; (2) Mr. Thornell in his official capacity; (3) Mr. Thornell and David Shinn, a former ADCRR Director, both in their individual capacities; and (4) Siji Thomas, a nurse practitioner. (Doc. 9). Plaintiff also adequately alleged an Eighth Amendment conditions-of confinement claim against Defendants Julie Bowers and Sean Malone, two officials at the prison. (*Id.*).

Following discovery, many of these claims perished. The Court determined that the prison officials could not be held liable in their individual capacity because there was no evidence that "they would have known of Plaintiff's hernia condition and ongoing pain at the relevant time" or would have known that contaminated water caused Plaintiff's health problems. (Doc. 118 at 26-28, 38-40). The claims against Mr. Thornell, Mr. Shinn, Ms. Bowers, and Mr. Malone in their individual capacities were therefore dismissed. (*Id.* at 41).

The other claims persisted. The Court determined that a reasonable jury could find Defendant Thomas's treatment to be deliberately indifferent and that Plaintiff had suffered as a result. (*Id.* at 28-31). Similarly, there remained certain factual questions as to whether Centurion and NaphCare "had deliberately indifferent policies or customs that deprived Plaintiff of his constitutional right to adequate medical care." (*Id.* at 36-37). The Court thus declined to grant summary judgment in favor of the healthcare providers. (*Id.* at 41).

The claim against Mr. Thornell in his official capacity for injunctive relief also survived summary judgment. Because Plaintiff remained reliant on NaphCare for his medical care, and because the claim against NaphCare was unresolved, the Court found that a claim for injunctive relief against Mr. Thornell was not moot. (*Id.* at 37-38 (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (explaining that injunctive relief should be granted based on "the prison authorities' current attitudes and conduct")).

Plaintiff then decided to resolve his claims with the three healthcare providers. He agreed to dismiss his claim against Defendant Thomas[1] and entered into a settlement with

[1] The parties have stipulated that Defendant Thomas should be dismissed as a result of the settlement. (Doc. 144). The Court will grant this stipulation.

both Centurion and NaphCare. (Doc. 132).[2] Since the notice of settlement made no mention of the outstanding injunctive relief claim against Mr. Thornell, the Court ordered the parties to address whether the settlement would moot that claim. (Doc. 133).

Upon considering the parties' responses, the Court was "preliminarily inclined" to accept Mr. Thornell's view that, "because the claim on which injunctive relief would be premised is no longer 'live,'" any injunctive relief on that claim would be moot. (Doc. 138 at 2 (quoting Doc. 136)). Nevertheless, given the disagreement between the parties, the Court ordered that the mootness issue should be fully briefed in a motion to dismiss. (*Id.*).

**II. ANALYSIS**

If the Court lacks subject-matter jurisdiction over a case, it must dismiss that case. Fed. R. Civ. P. 12(h)(3); *see United States v. Cotton*, 535 U.S. 625, 630 (2002). Because mootness deprives a court of subject-matter jurisdiction, *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016), dismissal of Plaintiff's claim is proper when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," *see Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam).

Under the Eleventh Amendment, a state official acting in his official capacity is immune from suit because an action against such an official is truly against the official's office and the state itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Federal courts may, however, issue prospective relief against an officer to prevent ongoing violations of federal law. *Ex Parte Young*, 209 U.S. 123, 157 (1908); *see Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007). Here, Plaintiff would have the Court grant prospective relief requiring Mr. Thornell, as Director of the ADCRR, to ensure that NaphCare's alleged constitutional violations do not continue. (Doc. 118 at 37).

The Court would be mistaken to do so. By its nature, "[i]njunctive relief is a remedy which must rely upon underlying claims." *Hafiz v. Greenpoint Mtg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1049 (N.D. Cal. 2009). The claim underlying Plaintiff's request for such

[2] The parties have stipulated that Defendants Centurion and NaphCare should be dismissed as a result of the settlement. (Doc. 150). The Court will grant this stipulation.

relief is his allegation that NaphCare's policies violated his Eighth Amendment rights. As the Court indeed explained, the claim against Mr. Thornell in his official capacity was not dismissed solely because injunctive relief might be warranted should NaphCare's policies be deemed unconstitutional. *See* (Docs. 118 at 37, 138 at 2).

This underlying claim was extinguished through Plaintiff's settlement against the alleged violator—NaphCare—and the other healthcare providers. Deciding to resolve that action meant that its pendant claim for injunctive relief was predicated on no continuous violation of federal rights. Because an allegation of "ongoing" infringements of federal rights must support the relief Plaintiff seeks, *see Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1189 (9th Cir. 2003), the new lack of allegations against NaphCare means that there are no federal violations upon which to base an injunction, *see American Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed.").

Plaintiff insists that there is still a redressable disagreement between himself and Mr. Thornell. Citing to the parties' notice of settlement, he emphasizes that its language demonstrates that he "did not intend that settlement to extinguish any independent claim for prospective relief." (Doc. 143 at 1). But some actions have unintended consequences. Plaintiff might not have wished for his injunctive relief claim to be mooted, but his decision to drop his claim against NaphCare left no allegations of federal rights violations for Mr. Thornell to prospectively address. This Court cannot turn a blind eye to justiciability issues simply because they were unintended or unmentioned. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006).

Intentions aside, Plaintiff explains that issues with the prison healthcare system are still prevalent and that he continues to suffer as a result. (Doc. 143 at 2-4). Even assuming that this allegation is true, it would have no effect on the posture of this litigation. Deciding to settle the remaining constitutional questions had the predictable effect of mooting the claim against Mr. Thornell.[3] Plaintiff cannot resolve his disagreement with NaphCare and

[3] Recall that Mr. Thornell only remained a party in this lawsuit in the event the Court needed to issue prospective relief based on a determination that NaphCare's policies

simultaneously expect that same disagreement to secure injunctive relief. *See Already, LLC v. Nike*, Inc., 568 U.S. 85, 90-91 (2013).

The Court concludes by briefly addressing some remaining points. First, there is no need to address the contextual flavor addressed by ongoing litigation or other grievances unrelated to healthcare, for they fail to explain whether Plaintiff's claim has been mooted. *See* (Doc. 143 at 3 (citing *Jensen v. Thornell*, 825 F. Supp. 3d 949 (D. Ariz. Feb. 19, 2026)).[4] Second, Plaintiff has moved the Court to appoint an attorney, but since there are no more claims to litigate, the Court will deny that Motion as moot. Finally, because all parties and claims have been resolved, the time has come to close this case.

## III. CONCLUSION

The Supreme Court has tailored the *Ex parte Young* doctrine to apply to "specific situations in which it is necessary to permit the federal courts to vindicate federal rights and hold state officials responsible" for the infringement thereof. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). There is no such situation in this case because Plaintiff has settled with the only party allegedly responsible for ongoing constitutional violations.

Without an allegation of continuous violations of federal law, there is no prospective remedy that Mr. Thornell could provide. Plaintiff's last claim has therefore been rendered moot by his settlement agreement and dismissal of his case is appropriate.

Accordingly,

**IT IS ORDERED** granting the parties' stipulation (Doc. 150) and dismissing Defendants Centurion and NaphCare with prejudice.

**IT IS FURTHER ORDERED** that Defendant Thornell's Motion to Dismiss (Doc. 139) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 119) is denied as moot.

---

violated the Eighth Amendment. (Docs. 118 at 37-38, 138 at 2).

[4] That said, the Court agrees with Mr. Thornell that issuing some form of injunctive relief against him would be complicated given the "day-to-day management" of the healthcare operations in the ADCRR by a court-appointed receiver. *See Jensen*, 825 F. Supp. 3d at 966, 1004 (citing *Plata v. Schwarzenegger*, 603 F.3d 1088, 1095 (9th Cir. 2010)).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment:

1) dismissing Defendant Thornell in his official capacity without prejudice (based on this order);
2) dismissing Defendants Shinn, Bowers, and Malone and Thornell in his individual capacity, with prejudice (based on Doc. 118);
3) dismissing Defendant Thomas with prejudice (based on Doc. 149)
4) dismissing Defendants Centurion and NaphCare with prejudice (based on this order)
5) dismissing Defendant Moreno without prejudice (based on Doc. 9); and
6) because such judgment resolves all claims against all Defendants, the Clerk of the Court shall close this case.

Dated this 10th day of November, 2026.

James A. Teilborg
Senior United States District Judge